# EXHIBIT "C"

**LAW OFFICE OF LAURA WONG-PAN PLLC**
–Attorney & Counselor at Law–
319 Mill Street
Poughkeepsie, New York 12601

Office: (845) 218-1288
Email: info@laurawongpanlaw.com

August19, 2024

**By Certified Mail**

BPAS LLC
Claims Administrator
820 Gessner, Suite 1250
Houston, Texas 77024

To BPAS LLC:

  I am the authorized representative for Lisa Hamel, who is a former employee of Marist College and beneficiary under the Marist College Supplemental Health Coverage Plan. A copy of my Authorized Representative Form is attached.

  We are writing to appeal the Claims Administrator's denial of a claim submitted by Ms. Hamel for reimbursement of health insurance premiums that her husband paid for a "plus one" medical plan with Anthem Blue Cross Blue Shield.

  The claim that Ms. Hamel submitted on March 25, 2024 is at Attachment 1; the Claims Administrator's April 20, 2024 response is at Attachment 2; and the Claims Administrator's May 9, 2024 decision denying the claim is attached as Attachment 3

  Ms. Hamel sought reimbursement for premiums paid by her husband for Anthem Blue Cross Blue Shield health insurance for both of them through a "Plus One" plan.

CLAIM ADMINISTRATOR'S DECISION OF MAY 15, 2024

  The Administrator denied the claim on the basis that: "Insurance premiums deducted from an employee payroll check on a pre-tax basis, are not eligible."

APPEAL OF CLAIM ADMINISTRATOR'S DECISION

  The May 15, 2024 decision of the Claims Administrator contradicts the terms of the union contract between Marist College and the Communication Workers of America, AFL-CIO, and contradicts the terms of the Summary Plan Description of the Marist College Supplemental Health Coverage Plan. Furthermore, it is missing the supporting information that is required under the Summary Plan Description, including a citation to the regulation or guideline that the Claims Administrator relied upon in the denial.

www.laurawongpanlaw.com

LAW OFFICE OF LAURA WONG-PAN PLLC

1. The union contract and Summary Plan Description support reimbursement

At all relevant times during her employment with Marist College, Lisa Hamel was a member of the Communication Workers of America, AFL-CIO ("CWA"). The terms of her employment at the time of her retirement on January 2, 2024, are described in the union contract between Marist College and CWA, dated July 1, 2023 through June 30, 2027 ("the Union Contract"). Article 48, Section 1 states that :

> The College and the Union will utilize the Health Coverage Account ("VEBA") for the purpose of providing funds on behalf of bargaining unit members of CWA who retire after 6/30/2006 and who meet the eligibility requirements for use of the VEBA listed in Article 34. These retirees, whether or not eligible for the College's Retiree Health Plan, may be reimbursed up to $5000 per fiscal year per household for the cost of premiums for the retiree health insurance coverage selected by the retired member that is allowed to be reimbursed under a VEBA.

(Attachment 4 contains the relevant part of Union Contract).

Ms. Hamel is a retiree from Marist College. While she was an employee at Marist College, she was covered under a "plus one" plan that covered both Ms. Hamel and her husband, Kevin Hamel.

Article 48, Section 1 of the Union Contract states that retirees, like Ms. Hamel, are entitled to reimbursement up to $5,000 per fiscal year for the cost of premiums for her retiree health insurance coverage that she selects, which is allowed under a Health Coverage Account (VEBA). There is nothing in the union contract that limits the retiree from being reimbursed for premiums that were paid by her spouse pre-tax and which covered the retiree.

Ms. Hamel selected the health insurance coverage offered through her husband's employment, which is a "plus one" policy with Anthem Blue Cross Blue Shield. (See Attachment 5, letter from spouse's employer).

She requested reimbursement for the premiums paid by Kevin Hamel, her husband, which covered the health insurance for Lisa and Kevin Hamel, through the "Plus One" plan. She submitted his paycheck that shows the health insurance deductions. (Attachment 6, redacted). This is the same level of coverage she received while at Marist College.

The premiums for the Anthem Blue Cross Blue Shield health insurance plan are an allowable reimbursement under the Marist College's Health Coverage Account (VEBA), based on the terms of the Summary Plan Description. The Summary Plan Description states:

> 3.3 What is an "eligible" Health Care Expenses?
>
> Only eligible Health Care Expenses may be reimbursed under this Plan. An eligible Health Care Expense means premiums incurred by you or your Spouse or Dependents for any of the following

types of insurance coverage: medical, dental, prescription drug, or vision coverage.

To be an eligible Health Care Expense, the expense:

(a)   must be "incurred" while you are a Participant; and

(b)   must be "incurred" for you, your Spouse, or your Dependents.

(Attachment 7, Summary Plan Description).

The premiums paid by the husband qualify as a Health Care Expense under the terms of Section 3.3 of the Summary Plan Description of the Marist College Health Coverage Plan. Namely, the request was for reimbursement of premiums incurred by Ms. Hamel's spouse, for medical insurance, incurred while Ms. Hamel was a participant, and the expense was incurred for her and her spouse.

There is no clause in either the Summary Plan Description or the union contract that prohibits reimbursement for the exact amount of premiums that were paid by Ms. Hamel's husband, on a pre-tax basis.

Pursuant to the Summary Plan Description, the Plan Administrator does not have discretion to vary, alter, amend, add to, or delete the language in the Summary Plan Description. The Plan Administrator must render a determination that construes the terms of the Plan, as stated in the Plan and the Summary Plan Description. (Section 2.10).

2.   <u>Claims Administrator's Determination Was Insufficient and Violated the SPD Denial Procedures</u>.

The Summary Plan Description states at Section 3.6 that when denying a claim, the Claims Administrator must provide "the specific reasons for the denial," and "the specific reference to the Plan provisions on which the denial is based," and must provide "a description of any additional material or information necessary for you to complete your claim,"

The Claims Administrator's decision denying the reimbursement request was inadequate because it merely states:

> Insurance premiums deducted from an employee payroll check on a pre-tax basis are not eligible.
>
> This item is not eligible for reimbursement under this plan according to IRS guidelines.

The response is insufficient because there is no specific reference to the Plan provisions on which the denial is based, as required by the Summary Plan Description.

The response did not include a citation of the regulation or guideline that the Claims Administrator relied upon, nor did it provide the specific language relied upon in the IRS

LAW OFFICE OF LAURA WONG-PAN PLLC

guidelines that the Claims Administrator is referring to. The Summary Plan description states that when denying a claim, the Claims Administrator must provide such details, to enable the participant to appeal.

## CONCLUSION

For the foregoing reasons, the decision of the Claims Administrator should be reversed. We request that the response be sent electronically to LWP@laurawongpanlaw.com.

Dated: Poughkeepsie, New York
August 19, 2024

LAW OFFICE OF LAURA WONG-PAN PLLC

By: *Laura Wong-Pan* (signature)
Laura Wong-Pan
Attorney for Claimant Lisa Hamel
319 Mill Street
Poughkeepsie, NY 12601
845-218-1288
LWP@laurawongpanlaw.com

4